FILED

2015 May-18  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HERBERT BEVILLE, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| CITY OF BIRMINGHAM, ALABAMA; | ) | **Plaintiff Demands Trial by Jury** |
| A.C. ROPER; JOHN KEVIN OSBORNE | ) | |
| ,DANIEL AGUIRRE ("OFFICER | ) | |
| AGUIRRE"), SARAFINO LOVETTO | ) | |
| ("SGT. LOVETTO"), JON SANDS | ) | |
| ("SGT. SANDS"), and BRIAN | ) | |
| STRINGFELLOW ("SGT. | ) | |
| STRINGFELLOW") | ) | |
| in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Herbert Beville, Jr. complains of defendants, stating as follows:

### JURISDICTION AND VENUE

1.    This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and arising under law and statutes of the State of Alabama and accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3).

2.    The acts, omissions and practices described in this Complaint occurred within the jurisdiction of the United States District Court in and for the Northern District of Alabama.  Venue is proper pursuant to 28 U.S.C.§ 1391.

## Parties

3.    Herbert Beville, Jr. ("Beville, Jr.") is of legal age and a citizen and resident of the state of Alabama.

4.    Defendant the City of Birmingham, Alabama is a municipality organized and existing under the laws of the state of Alabama.

5.    At all times material hereto, Defendant Chief A.C. Roper, was a "person" subject to legal action under 42 U.S.C. § 1983.  He is sued in his individual capacity.

6.    Defendant John Kevin Osborne was employed by the City of Birmingham as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

7.    Defendant Daniel Aguirre (identified only as "Officer Aguirre" on applicable Alabama Uniform Incident/Offense Report and/or the arrest report) was employed by the City of Birmingham as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his individual capacity.

8.     Defendant Sergeant Sarafino Lovetto (identified only as "Sgt. Lovetto" on applicable Alabama Uniform Incident/Offense Report and/or the arrest report) was employed by the City of Birmingham as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

9.     Defendant Sergeant Jon Sands (identified only as "Sgt. Sands" on applicable Alabama Uniform Incident/Offense Report and/or the arrest report) was employed by the City of Birmingham as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his individual capacity.

10.     Defendant Sergeant Brian Stringefellow (identified only as "Sgt. Stringfellow" on applicable Alabama Uniform Incident/Offense Report and/or the arrest report) was employed by the City of Birmingham as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

11.     At all times material hereto, the acts, omission, practices and other conduct of each defendant were committed under color of state of local law.

12.     At all times material hereto, the acts and omissions of the Defendant were committed by agents, employees and actors of the City of Birmingham, Alabama police department and within the course and scope of their employment as police officers for the City of Birmingham.

13.     At all times material hereto, Defendant City of Birmingham, Alabama through its agents and employees, including other unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

14.     At all times material hereto, Defendant Chief A. C. Roper, through his agents and employees, including other named and unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

15.     Plaintiff Beville, Jr. has retained the services of the undersigned attorneys and is obligated to pay a reasonable attorney's fee for such services in pursuing

### Facts

16.     On or about May 20, 2013, Plaintiff was the driver of a car on I-20/59. 911 received a call from a person who person claimed to observe a vehicle that travelled at a high rate of speed (70 to 80 mph) and crashed the vehicle into a barrier in the middle of Interstate 20-59.  The 911 caller also contended that the driver continued to drive at a high rate of speed after smashing into the barrier in the middle of the road.  A concrete barrier existed at the time, and still does, in the middle of I 20-59. The 911 caller claimed the driver "probably cut a tire too."

Without any basis, the 911 caller claimed the driver must be drunk.

17.     As some point a Green Ford Explorer began to follow Plaintiff.  Being

concerned, the Plaintiff pulled over on the shoulder of I 20-59 to communicate

with his wife via cell phone that he was being followed by an unknown vehicle.

The 911 caller pulled his vehicle behind Plaintiff. Plaintiff then pulled back on I-

20-59. Within a few minutes Plaintiff observed blue lights of a Birmingham Police

Officer.  Plaintiff pulled off to the shoulder of the road as soon as safely

practicable.

18.     On May 7, 2015 at a hearing in the pending criminal cases, (CC-2014-

3688-91, *City of Birmingham v. Beville, Jr.*, Jefferson County, Alabama, all

references to Defendant Osborne's testimony are from that hearing), Defendant

Osborne testified as of May 20, 2013, there were news articles or television stories

about citizens to be aware of people trying to impersonate police officers or trying

to execute police stops in unmarked cars.

19.     Defendant Osborne testified that it was just as reasonable for Plaintiff

to pull back on I 20-59 because Plaintiff thought the police were investigating the

green Explorer driven by the alleged 911 caller.

20.     Defendant Osborne testified that he did not observe Plaintiff Beville,

Jr. commit any driving offenses or other illegal activity when he signaled for

Plaintiff Beville, Jr. to pull over.  Moreover, Defendant Osborne testified he would

not have attempted to execute a traffic stop but for the 911 caller.

21.    Despite officers being told that Plaintiff had struck a barrier on I-59 (which Defendant Osborne testified the only one in the middle of the road was concrete) going at a high rate of speed, there was no damage to Plaintiff's vehicle. Despite police being told Plaintiff must have been "drunk" there were no indications or evidence of any intoxication.

22.    Plaintiff possessed a firearm he reasonably believed that he lawfully had in his vehicle.  Defendant Osborne testified that he retrieved the firearm without any incident.  Moreover, Defendant Osborne testified that Plaintiff explained he did not believe he needed a permit and that Defendant Osborne thought that was a reasonable explanation. Defendant Osborne testified that as of May 20, 2013 the law was unclear on whether a permit was needed which even required the police to check the latest status on whether a permit is necessary when the weapon is not concealed.  Defendant Osborne testified that he would not arrested him for Violation of State Firearm Act.

23.    Plaintiff made no verbal or physical movements to give any indication that he was dangerous.

24.    Plaintiff had his hands on the steering wheel and his cell phone in the speaker mode with his wife on the other line.  Officer demanded Plaintiff to get out of his vehicle.  Plaintiff inquired why and that he wanted to call his attorney. Despite possessing no danger, Defendant Osborne deployed his Taser which struck Plaintiff Beville, Jr. in the chest region.  Plaintiff Beville, Jr. was still in his vehicle

when Tased. Plaintiff experienced severe pain, fear, and humiliation.

25.    Plaintiff again being no danger begged "please don't do that again. Let me call my attorney." Immediately Defendant Osborne deployed his Taser again striking Mr. Beville, Jr. Plaintiff severed more severe pain, fear, and humiliation.

26.    Despite Plaintiff being essentially defenseless and incapacitated, multiple officers ripped Mr. Beville, Jr. out of the vehicle. This caused Plaintiff Beville, Jr. severe pain, fear, and humiliation. Defendant Osborne testified that Defendant Aguirre was one of the officers who pulled Plaintiff out of the vehicle.

27.    Plaintiff Beville, Jr. suffered as a result of Defendants' actions a fractured collarbone.

28.    Defendant Osborne testified that Plaintiff never made any threatening movements and didn't try to strike any of the officers. Further, Defendant Osborne testified Plaintiff did not scratch or tear any of the officer's clothes.

29.    Police searched the interior of Mr. Beville, Jr.'s vehicle where there was no evidence of alcohol or any other illegal activities. Mr. Beville, Jr. was arrested, but not charged with Driving Under the Influence or any other alcohol or drug related offenses. Defendant Osborne testified that Plaintiff did not have bloodshot eyes, slurred speech, or an odor of alcohol commonly associated with intoxicated driving. Defendant Osborne testified he did not ask the Plaintiff to take the Draeger test to determine whether he was under influence of alcohol.

Moreover, Officer Osborne did not apply for a warrant to draw the Plaintiff's blood or ask for the Plaintiff's consent for a blood draw to test his blood alcohol content. Officer Osborne testified there was no evidence that Plaintiff operated his motor vehicle under the influence to the point where he couldn't operate it safely.

30. After executing the traffic stop, Birmingham police claimed there was an outstanding warrant from 2007 for a Failure to Appear on a speeding ticket. Since July 2007 and prior to May 20, 2013, Mr. Beville, Jr. has obtained multiple municipal and state issued documents, including a driver's license, car tags, City of Birmingham business licenses, Jefferson County and State of Alabama licenses. Mr. Beville, Jr. has received a warning for speeding and received speeding tickets where there was no mention of a 2007 Failure to Appear warrant for speeding. Mr. Beville, Jr. disavows that there is any validity to a 2007 warrant for Failure to Appear for speeding.

31. Defendant Osborne testified that he would not have arrested Plaintiff for the alleged Failure to Appear for the speeding ticket.

32. Plaintiff was arrested and charged with resisting arrest, attempting to elude, violation of state firearms act, and failure to appear for 2007 speeding ticket.

33. As of May 7, 2015, Defendant Osborne has no idea of the true identity of the 911 caller other than what is stated on the 911 call as "Scott Long." Defendant Osborne does not know whether that is the true identity of the 911 caller. There is no record of "Scott Long's" birthdate, social security number, or

8

whose phone was used by the 911 caller.  Defendant Osborne testified he does not know whether "Scott Long" used a pre paid or burner cell phone.  Defendant Osborne testified that there was as much believability that undersigned counsel himself was "Scott Long" as the person who called 911.

34.    Defendant Osborne testified he knows the information provided by the 911 caller that Plaintiff Beville, Jr. was in a wreck was false.  Moreover, there was no "cut tire."

35.    Despite having already recovered the pistol out of the vehicle prior the arrest of the Plaintiff, Defendant Osborne testified

"Q: Okay. Obviously after you had removed the weapon, before y'all had looked to see whether there was any other weapons in his vehicle, correct?
    A: I never looked to see if there was any other weapons until we had him secured, sir.
    Q: But you weren't concerned about him having any other weapons in the vehicle at the time after you removed his weapon, correct?
    A: I'm always concerned about weapons in the vehicle, sir.
    Q: Well, you weren't concerned to the point where you searched the vehicle, right?
    A: **I didn't have a reason to search the vehicle.  We didn't have probable cause other than search incident to arrest. That's Birmingham Police Department policy, sir.**" (emphasis added).

May 7, 2015 hearing in *City of Birmingham v. Beville, Jr.*, CC-2014-3688-3691,

Jefferson County, Alabama.

## Count I
### Civil Rights Violation Under 42 U.S.C. § 1983,
### City of Birmingham, Alabama

36.    Plaintiff re-alleges paragraphs 1-34 as is fully set forth herein.

9

Herbert Beville, Jr. was injured.

37.    At all time material hereto, Defendants had a legal duty to appropriately restrain and/or arrest in a manner which is safe to all parties and necessary under the circumstances. The City of Birmingham, by and through the actions of its agents acted negligently, carelessly and/or unskillfully in the restraint and arrest of Plaintiff Herbert Beville, Jr.  As a proximate result of the negligence and/or wanton conduct of the City of Birmingham by and through the actions of its agents Plaintiff

38.    At all times material hereto, in attempting to restrain and/or arrest the Plaintiff, Defendant, through it's agents and employees, used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. Defendant, by and through it's agents and employees, used excessive force with the intent to inflict unnecessary harm upon Plaintiff Herbert Beville, Jr. and such use of force caused physical injuries and mental anguish.

39.    Further Plaintiff alleges that the restraint and/or arrest by Defendant, through it's agents and employees, with the use of excessive force was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law. Plaintiff's restrain and/or arrest was made under color of the authority of the Defendants as a police officers for the City of Birmingham. The excessive force used by the Defendants was

deliberately indifferent to the health, safety and welfare of the Plaintiff.

40.     Plaintiff further alleges that the violation of Plaintiff's constitutional rights were caused by implementation of a custom, policy, or official act of Defendant, City of Birmingham.

41.  Prior to the assault of plaintiff, the City permitted, encouraged, and ratified a pattern and practice of misconduct, including unjustified, unreasonable, and excessive use of force, in that the City:

        a.       failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including excessive force; and

        b.       refused to investigate complaints of excessive force, and, instead, officially claimed such incidents were justified and proper.

The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused the police officers of this municipality to believe that excessive force would be tolerated and that complaints of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would use excessive force on plaintiff and other similarly-situated citizens.

42.     As a direct, proximate and foreseeable result of the acts and omissions of the Defendants, by and through the conduct of it's agents and employees, Plaintiff suffered physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills and other expenses.

WHEREFORE, Plaintiff Beville, Jr., prays this Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant City of Birmingham, Alabama, joint and severally:

(i) Judgment for compensatory damages against each Defendant;

(ii) Judgment for punitive damages against each Defendant;

(iii) Judgment for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv) Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v) A trial by jury on all issues so triable; and

(vi) Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT 2
### Civil Rights Violation Under 42 U.S.C. § 1983,
### Individual Capacities against Defendants Osborne, Aguirre, Lovetto, Sands, and Stringfellow

43. Plaintiff re-alleges paragraphs 1-40 as is fully set forth herein.

44. At all time material hereto, Defendants Osborne, Aguirre, Lovetto, Sands, and Stringefellow had a legal duty to recognize, understand, follow and adhere to rules and procedures to ensure that as police officers, the amount of force used is appropriate to restrain and/or arrest citizens in a manner which is safe to all

parties and necessary under the circumstances. This duty included, but was not limited to, the duty to recognize, follow, implement into practice and adhere to rules, regulations, practices and procedures which clearly direct police officers as to the appropriate use of force under relevant circumstances.

45.    Defendants failure to recognize, follow and adhere to rules, regulation, practices and polices regarding the appropriate use of force under the relevant circumstances and their conscious ignorance of legal duties responsibilities under the law as a matter of custom and practice, constitutes deliberate indifference to the known, serious consequences of excessive force.

46.    Defendants are legally liable for the deliberate indifference of their conduct with respect to the use of excessive force against Plaintiff.

47. At all times material hereto, Defendants knew or reasonably should have known and it was foreseeable that their use of excessive force under the circumstances would result in serious injury or death to citizens of the City of Birmingham. Specifically, Defendants Osborne, Aguirre, and/or Lovetto, and/or Sands, and/or Stringfellow knew or reasonably should have known and it was foreseeable that their use of excessive force under the circumstances would result in injury and mental anguish to Plaintiff.

48.    At all times material hereto, Defendants knew or reasonably should have known that their failure to recognize, follow and adhere to rules, regulations,

13

policy or practice regarding proper use of force under relevant circumstances would result in injury and mental anguish to citizens of the City of Birmingham. The conduct of these officers in the use of excessive force was careless, reckless, in deliberate indifference of the safety and/or rights of Plaintiff or other culpable conduct.

49.    As a direct, proximate and foreseeable result of Defendants conduct in violation of rules, regulations, standard of care, policies and practices relating to the use of excessive force, Plaintiff suffered physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills and other expenses.

50.    Defendants further acted with deliberate indifference in causing and/or contributing to cause the aforesaid constitutional violation as follows:

a. Defendants failed to adequately recognize and follow an appropriate level of care in the use of an acceptable level of force thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Birmingham;

b. Defendants failed to adequately recognize and follow an appropriate level of care police officers in responding to medical emergencies while an individual is

restrained under the care and custody of City of Birmingham police officers thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Birmingham.

51.    As a direct, proximate and foreseeable result of the acts and omissions of Defendants Osborne and Aguirre and/or Lovetto and/or Sands, and/or Stringfellow, individually, Plaintiff suffered physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills and other expenses.

WHEREFORE, Plaintiff Herbert Beville, Jr., prays this Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendants Osborne, Aguirre, Lovetto, Sands, and Stringfellow, joint and severally,:

(i)    Judgment for compensatory damages against each Defendant;

(ii)   Judgment for punitive damages against each Defendant;

(iii)  Judgment for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv)  Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v) A trial by jury on all issues so triable; and

(vi)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT 3
### Civil Rights Violation Under 42 U.S.C. § 1983
### A.C. Roper, Chief of Police City of Birmingham, Individual
### Capacity

52.    Plaintiff re-alleges paragraphs 1-49 as is fully set forth herein.

53.    At all time material hereto, Defendant A.C. Roper had a legal duty to adopt and implement rules and procedures to ensure that his police force appropriately restrain and/or arrest citizens in a manner which is safe to all parties and necessary under the circumstances. This duty included, but was not limited to, the duty to create, adopt and implement rules, regulations, practices and procedures which clearly direct police officers as to the appropriate use of force under relevant circumstances.

54.    Defendant Roper's failure to adopt and implement adequate polices regarding his police officers appropriate use of force under the relevant circumstances and his conscious ignorance of his legal duties and responsibilities under the law as a matter of custom and practice, constitutes deliberate indifference to the known, serious consequences of excessive force.

55.    Defendant Roper is legally liable for the deliberate indifference of his police officers with respect to the use of excessive force against Plaintiff.

56.    At all times material hereto, Defendant Roper knew or reasonably should have known and it was foreseeable that allowing police officers to use excessive force under the circumstances would result in serious injury or death to citizens of the City of Birmingham.

57.    At all times material hereto, Defendant Roper knew or reasonably should have known that his failure to establish a custom, policy or practice regarding proper use of force under relevant circumstances would result in repeated instances of excessive force by reason of carelessness, recklessness deliberate indifference or other culpable conduct.

58.    As a direct and proximate and foreseeable result of Defendant Roper's customs, policies and practices relating to the use of excessive force, Plaintiffs suffered physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills and other expenses.

59.    Defendant Roper further acted with deliberate indifference in causing the aforesaid constitutional violation by police officers of the City of Birmingham as follows:

a.    Defendant Roper failed to adequately train and educate the City of Birmingham police officers in the acceptable level of force thereby creating an atmosphere of illegal and unconstitutional behavior with respect to

use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Birmingham;

   b. Defendant Birmingham failed to adequately train and educate the City of Birmingham police officers in recognizing and responding to medical emergencies while an individual is restrained under the care and custody of City of Birmingham police officers thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Birmingham;

   c. Defendant Roper failed to adequately train, educate, supervise and control the City of Birmingham police officers with respect to the policies and practices in the acceptable level of force thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Birmingham.

  60. As a direct, proximate and foreseeable result of the acts and omissions of Defendant Roper, individually, and by and through the conduct of

agents and employees, Plaintiff suffered physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills and other expenses.

WHEREFORE, Plaintiff Beville, Jr., prays this Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant Roper, joint and severally:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)    Judgment for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant.(iv)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

### Count 4 - 42 U.S.C. § 1983 - Illegal Seizure

61.    Plaintiff re-alleges paragraphs 1-58 as is fully set forth herein

62.    On or about May 20, 2013, the individual defendants, Osborne and Aguirre, and/or Lovetto, and/or Sands, and/or Stringfellow in their individual capacity, acting under color of law within the meaning of 42 U.S.C. § 1983,

arrested plaintiff without probable cause, thereby depriving plaintiff of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unlawful seizure.

63.    The false arrest was pursuant to a City policy and custom.

64.    Prior to the arrest of plaintiff, the City permitted, encouraged, and ratified a pattern and practice of misconduct, including false arrests, in that the City of Birmingham:

    a.    failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including incidents of false arrest; and

    b.    refused to investigate complaints of misconduct, including complaints of false arrest, and, instead, officially claimed such incidents were justified and proper.

65.    The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused the police officers of this municipality to believe that false arrest and other misconduct would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would falsely arrest plaintiff and other similarly-situated citizens.

66.    As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills and other expenses.

WHEREFORE, Plaintiff Herbert Beville, Jr., prays this Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendants Osborne, Aguirre, Lovetto, Sands, and Stringfellow, joint and severally:

(i)    Judgment for compensatory damages against each Defendant;

(ii)   Judgment for punitive damages against each Defendant;

(iii)  Judgment for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv)   Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)   Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

### Count 5 - 42 U.S.C. § 1983 - Unlawful Search

67.    Plaintiff re-alleges paragraphs 1-64 as is fully set forth herein

68.    On May 20, 2013, the individual defendants, Osborne and/or Aguirre and/or Lovetto and/or Sands and/or Stringfellow, in their individual capacity,

acting under color of law within the meaning of 42 U.S.C. § 1983, searched plaintiff's person without a warrant, without probable cause and/or reasonable suspicion, and in an unreasonable manner. The individual defendants did thereby deprive plaintiff of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unlawful searches.

69.     The unlawful actions of defendants were pursuant to a City policy and custom.

70.     Prior to the arrest of plaintiff, the City permitted, encouraged, and ratified a pattern and practice of misconduct, including unlawful searches, in that the City:

      a.     failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including incidents of unlawful searches; and

      b.     refused to investigate complaints of misconduct, including complaints of unlawful searches, and, instead, officially claimed such incidents were justified and proper.

71.     The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused the police officers of this municipality to believe that unlawful searches and other misconduct would be

tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would unlawfully enter and search the home of plaintiff and other similarly-situated citizens.

72.    As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur expenses.

WHEREFORE, Plaintiff Herbert Beville, Jr., prays this Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendants Osborne, Aguirre, Lovetto, Sands, and Stringfellow, joint and severally:

(i)    Judgment for compensatory damages against each Defendant;

(ii)   Judgment for punitive damages against each Defendant;

(iii)  Judgment for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv)   Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)   Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

**Dated: MAY 18, 2015.**

Respectfully submitted,

*/s/ Gregory F. Yaghmai*
Gregory. F. Yaghmai
ASB-2411-H67G

OF COUNSEL
Rutledge & Yaghmai, Attorneys at Law
2 Chase Corporate Drive
Suite 460
Birmingham, Al 35244
(205) 985-2411
(205) 985-2412 facsimile
Yaghmai@rylaw.net

## Jury Demand

Plaintiff requests a trial by jury.

## SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL

Chief A.C. Roper
c/o Birmingham Police Department
1710 1st Avenue North
Birmingham, Al 35203

John Kevin Osborne
c/o Birmingham Police Department
1710 1st Avenue North
Birmingham, Al 35203

Daniel Aguirre
c/o Birmingham Police Department
1710 1st Avenue North
Birmingham, Al 35203

Sarafino Lovetto
c/o Birmingham Police Department
1710 1st Avenue North
Birmingham, Al 35203

Jon Sands
c/o Birmingham Police Department
1710 1st Avenue North
Birmingham, Al 35203

Brian Stringfellow
c/o Birmingham Police Department
1710 1st Avenue North
Birmingham, Al 35203

City of Birmingham
c/o Lee Frazier
Office of City Clerk, Birmingham, Al
Birmingham City Hall-3rd Floor
710 North 20th Street
Birmingham, Al 35203